I respectfully dissent. I disagree with the majority's holding that Article IV, § 45, of the Alabama Constitution has not been violated in this case. As the majority correctly points out, § 45 was enacted in order to protect against the legislature's being misled by a title of a bill which does not clearly express its subject. After reading the entire title of the bill involved in this case, and not just the first three clauses, which are the focus of the majority opinion, one could reasonably believe that all inmates would be classified so as to receive some degree of earned deductions *Page 477 
from sentence except habitual offenders, who are the only group of inmates specifically referred to in the title as not being eligible for earned deductions. Thus, a legislator could have read only the title of the bill and believe he was voting for a bill which allowed correctional incentive time for all inmates except habitual offenders, when in effect he was voting for a bill which allowed correctional incentive time for all inmates except habitual offenders, when in effect he was voting for a bill which denied the majority of inmates the benefits of correctional incentive time. Evidence in this case indicates that a majority of Alabama's inmates have sentences of 10 years or more. This is the very danger that § 45 was enacted to guard against. As this Court stated in Alabama Ed. Ass'n v. Board ofTrustees of the University of Alabama, 374 So.2d 258 (Ala. 1979):
 To require reading the entire bill so as to discover its pertinent provisions would clearly fly in the teeth of the requirements of § 45.
Id. at 262. Without reading the text of the bill and only reading the title, one would never know that the bill effectively allows correctional incentive time to only a minority of inmates now serving time in prison.
I must also dissent from the majority's holding that Article IV, § 61, of the Alabama Constitution was not violated. The purpose of the Act, stated succintly, is to establish a system whereby inmates receive earned deductions from sentences. The original bill in the Senate would have achieved that result, as those inmates with sentences of ten or more years could have earned incentive time in both Class II and Class III, and would have been ineligible only from attaining Class I status. The Act as passed with amendment, however, rather than providing each inmate with the opportunity to earn incentive time, denied those inmates with sentences of ten or more years the opportunity to earn any deductions from their sentences. It is clear to me from a reading of the entire title that the purpose of the Act was to establish a system for the measurement and award of correctional incentive time, and to exclude only habitual offenders from earning such incentive time. I fail to see how a bill can be amended to so drastically alter its effect on a majority of this State's inmates, without there being a change in its original purpose.
FAULKNER and JONES, JJ., concur.